**Surinder KAUR, Petitioner,**

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 03–4806–ag.

United States Court of Appeals, Second Circuit.

Nov. 29, 2006.

**20**

Surinder Kaur, Richmond Hill, NY, pro se.

Susan Corkery, John J. Durham, Assistant United States Attorneys (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, on the brief), New York, NY, for the Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. PETER W. HALL, Circuit Judges, Hon. JOHN GLEESON, District Judge.*

---

* The Honorable John Gleeson, District Judge for the Eastern District of New York, sitting

## SUMMARY ORDER

*Pro se* petitioner Surinder Kaur seeks review of an April 8, 2003 order of the Board of Immigration Appeals ("BIA") affirming without opinion the October 12, 1999 decision of Immigration Judge ("IJ") Victoria L. Ghartey denying Petitioner's application for asylum and withholding of removal. *In re Surinder Kaur*, No. A75 261 506 (B.I.A. Apr. 8, 2003), *aff'g* No. A75 261 506 (Immig. Ct. N.Y. City Oct. 12, 1999). We assume the parties' familiarity with the facts and procedural history.

Where, as here, the BIA summarily affirms the decision of an IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination, *see, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard and treats them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Here, the IJ's adverse credibility determination was supported by substantial evidence. The IJ properly relied on the vagueness of Petitioner's testimony regarding the reason for her 1995 arrest, the injuries sustained from the alleged beatings in prison, the medical treatment she received after her 1993 and 1995 arrests, and the location of the hospital in relation to her home. The IJ also reasonably considered Petitioner's failure to submit with her application a marriage certificate in light of the fact that she was able to collect other documents from India. *See Diallo v. INS*, 232 F.3d 279, 288 (2d Cir.2000). Furthermore, we defer to the IJ's determi-

by designation.

nation that Petitioner's demeanor was evasive and vague. *See Zhou Yun Zhang,* 386 F.3d at 73–74.

Although there is no record evidence supporting the IJ's finding that Petitioner's testimony regarding her husband's participation in Akali Dal Mann was inconsistent with her application, which stated only that her husband "joined" Akali Dal Mann, this deficient finding does not outweigh the many reasonable findings made by the IJ. We can confidently predict that, if the case were remanded based on this error, the agency would reach the same result. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158–60 (2d Cir.2006).

For the foregoing reasons, the petition for review is hereby **DENIED.** Any stay of removal previously granted by the Court in the Petition is VACATED.